1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   NATHAN WALLACE,                          Civil No.   08-1146 LAB (POR)

12                              Petitioner,
                                             **ORDER DISMISSING CASE**
13              v.                            **WITHOUT PREJUDICE AND WITH**
                                             **LEAVE TO AMEND**
14   LARRY SMALL, Warden, et al.,

15                              Respondents.

16          Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254.

18   _____**FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

19          Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20   pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

21   qualified to proceed in forma pauperis.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.

22   **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

23          Further, habeas petitioners who wish to challenge either their state court conviction or the

24   length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

25   § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Ordinarily, to satisfy the

26   exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state

27   court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains

28   available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404

1  U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  Moreover, to properly

2  exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or

3  her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that

4  an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed</u>

5  <u>by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state

6  court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

7      Nowhere on the Petition does Petitioner allege that he raised his claims in the California

8  Supreme Court.  In fact, he specifically indicates he did not seek review in the California

9  Supreme Court.  (*See* Pet. at 5.)  If Petitioner has raised his claims in the California Supreme

10  Court he must so specify.

11      Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

12  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

13  of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation

14  period shall run from the latest of:

15              (A) the date on which the judgment became final by the
                conclusion of direct review or the expiration of the time for seeking
16              such review;

17              (B) the date on which the impediment to filing an application
                created by State action in violation of the Constitution or laws of the
18              United States is removed, if the applicant was prevented from filing
                by such State action;
19
                (C) the date on which the constitutional right asserted was
20              initially recognized by the Supreme Court, if the right has been
                newly recognized by the Supreme Court and made retroactively
21              applicable to cases on collateral review; or

22              (D) the date on which the factual predicate of the claim or
                claims presented could have been discovered through the exercise
23              of due diligence.

24  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

25      The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

26  is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

27  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

28  when its delivery and acceptance [by the appropriate court officer for placement into the record]

1   are in compliance with the applicable laws and rules governing filings."). However, absent some

2   other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

3   pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

4          Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

5   habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

6   it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.

7   § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

8   habeas relief because he has not alleged exhaustion of state court remedies.

9                    <u>**FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**</u>

10         Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner

11  has failed to allege that his state court conviction or sentence violates the Constitution of the

12  United States.

13         Title 28, United States Code, § 2254(a), sets forth the following scope of review for

14  federal habeas corpus claims:

15                  The Supreme Court, a Justice thereof, a circuit judge, or a district
                    court shall entertain an application for a writ of habeas corpus in
16                  behalf of a person in custody pursuant to the judgment of a State
                    court only on the ground that he is in custody in <u>violation of the</u>
17                  <u>Constitution or laws or treaties of the United States.</u>

18  28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.

19  1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800

20  F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim

21  under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

22  a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the

23  United States." *See* 28 U.S.C. § 2254(a).

24         Here, Petitioner claims that "Calipatria State Prison officials have taken the position of

25  detaining Petitioner in custody far past his imposed sentence which expired," and that "[t]he

26  officials have no standing by which to enforce a non-imposed term especially absent identical

27  stipulation between controlling documents." (*See* Pet. at 5.) In no way does Petitioner claim he

28  / / /

1  is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

2  § 2254.

3                                        **CONCLUSION**

4          For the foregoing reasons, the Court **DISMISSES** this action without prejudice and with

5  leave to amend.  To have this case reopened, Petitioner must, **no later than** <u>**September 12,**</u>

6  <u>**2008**</u>: (1) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee, **AND**

7  (2) file a First Amended Petition that cures the pleading deficiencies set forth above.  **THE**

8  **CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO**

9  **PROCEED IN FORMA PAUPERIS AND A BLANK FIRST AMENDED PETITION**

10  **FORM WITH THIS ORDER.**

11          **IT IS SO ORDERED.**

12

13  DATED:  July 9, 2008

14

15  **HONORABLE LARRY ALAN BURNS**
   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28