**FILED**

AUG - 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ORIGINAL

NATHANIEL WALLACE
NAME

#E63680
PRISON NUMBER

P.O.BOX 5004 A1-215
CURRENT ADDRESS OR PLACE OF CONFINEMENT

CALIPATRIA, CA. 92233
CITY, STATE, ZIP CODE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

NATHANIEL WALLACE ,
(FULL NAME OF PETITIONER)
**PETITIONER**

v.

LARRY SMALL, WARDEN ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**
and

ET. AL.,
The Attorney General of the State of
California, Additional Respondent.

Civil No   UNLAWFUL DETENTION I.E.
PRISON CONDITIONS
3:08-CV-01146 LAB/POR
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)
(EHC01017 SUP.CT.)

# FIRST AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   CAL-4 CALIPATRIA STATE PRISON C/O
   L.A. SUPERIOR COURT DOWNTOWN LOS ANGELES.

2. Date of judgment of conviction: ___ JULY 24, 1990.

3. Trial court case number of the judgment of conviction being challenged: _____
   * BA009423.

4. Length of sentence: ___ 24 YEARS, 6 MONTHS.

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date: _7-24-90 (316 DAYS CREDIT)_
   _7-2-2005._

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _____
   _664/187 & P.C. 211._
   _____

7. What was your plea? (CHECK ONE)
   (a) Not guilty        ☑
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury         ☑
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☑ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: _TIME FOR RESPONSE EXPIRED / NO RESPONSE_
    (b) Date of result (if known): _60 DAYS AFTER FILING_
    (c) Case number and citation (if known): _EHC 01017_
    (d) Names of Judges participating in case (if known) _JEFFREY B. JONES_
    _____

    (e) Grounds raised on direct appeal: _UNLAWFUL DETENTION_
    _PC 1381 RIGHT TO SENTENCE (6TH AMENDMENT)_
    _MISCALCULATION OF PAROLE / TIME CREDITS_

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _TIME FOR RESPONSE EXPIRED / NO RESPONSE_
    (b) Date of result (if known): _60 DAYS AFTER FILING_
    (c) Case number and citation (if known): _~~———~~ ? (L.A. SUPREME)_

    (d) Grounds raised: _''_      _''_           _''_
    _''_            _''_           _''_

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____ N/A _____

    (b) Date of result (if known): _____ N/A _____

    (c) Case number and citation (if known): _____ N/A _____

    (d) Grounds raised: _____ N/A _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
  ☑ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): EHC00976

    (b) Nature of proceeding: WRIT OF HABEAS CORPUS

    (c) Grounds raised: UNLAWFUL DETENTION
       PC 1381 RIGHT TO DEMAND RESOLUTION OF PENDING COUNT.
       MISAPPROPRIATION OF COMMITMENT ORDERS
       ERROR IN CREDIT CALCULATION.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes ☑ No

    (e) Result: _____

    (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
  ☑ Yes ☐ No

CIV 68 (Rev. Jan. 2006)          **-3-**          cv

**17.** If your answer to #16 was "Yes," give the following information:

   (a) **California Court of Appeal** Case Number (if known): UNKNOWN .

   (b) Nature of proceeding: WRIT OF HABEAS CORPUS

   (c) Names of Judges participating in case (if known) UNKNOWN .

   (d) Grounds raised: CORRECT ABSTRACT TO REFLECT PROPER SENTENCE P.C. 1381 RIGHT TO DEMAND RESOLUTION

   (e) Did you receive an evidentiary hearing on your petition, application or motion?
     ☐ Yes  ☒ No

   (f) Result: _____

   (g) Date of result (if known): _____

**18.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes  ☒ No

**19.** If your answer to #18 was "Yes," give the following information:

   (a) **California Supreme Court** Case Number (if known): _____

   (b) Nature of proceeding: N / A

   (c) Grounds raised: N / A

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
     ☐ Yes  ☒ No

   (e) Result: N / A

   (f) Date of result (if known): _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

ONCE THE FACT OF UNLAWFUL IMPRISONMENT IN VIOLATION OF THE U.S. CONSTITUTION WAS ESTABLISHED STATE LEVEL RESPONSES SEEMED SO INEFFECTIVE.

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☐ Yes ☑ No    (IF "YES" SKIP TO #22)

    (a) If no, in what federal court was the prior action filed? __N/A__
    (i) What was the prior case number? _____
    (ii) Was the prior action (CHECK ONE):
         ☑ Denied on the merits?
         ☐ Dismissed for procedural reasons?
    (iii) Date of decision: __UNK.__

    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☑ No

    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☑ No

## CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of
the constitution, law or treaties of the United States. Summarize *briefly* the facts
supporting each ground. (e.g. what happened during the state proceedings that you contend
resulted in a violation of the constitution, law or treaties of the United States.)  If necessary,
you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: THE PETITIONER CONTENDS THAT HE IS BEING UN-
LAWFULLY DETAINED ON THE PREMISES OF AN INVALID COMMITMENT
IN THE DEPARTMENT OF CORRECTIONS IN VIOLATION OF U.S. CONST.

**Supporting FACTS:** ON APRIL 22, 2008, THE PRISON OFFICIALS RECORDS
STAFF CONCEDE AND ATTEST ON FORMAL DEPARTMENTAL LETTER-
HEAD THAT THE CALIFORNIA DEPARTMENT OF CORRECTIONS DOES NOT
HAVE THE STATUTORILY REQUIRED LEGAL CUSTODY DOCUMENTS ON
FILE TO ENABLE THEM TO RECORD THE ACTUAL PRISON SENTENCE
COMMITMENT OF THE PETITIONER IN THEIR INSTANT AND IM-
MEDIATE CUSTODY.  (SEE EXHIBIT A)
MINUS THE ORAL PRONOUNCEMENT OF JUDGMENT IN THE SENTENC-
ING RECORD, A MINUTE ORDER, OR AN ABSTRACT OF JUDGMENT
STIPULATING IDENTICAL RENDERINGS OF THE COURT, THE PETITIONER
IS COMMITTED UNLAWFULLY AND IN VIOLATION OF THE CONSTITUTION,
LAWS, AND TREATIES OF THE UNITED STATES.

Did you raise **GROUND ONE** in the **California Supreme Court**?

☐ Yes ☑ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): _____

(2) Case number or citation: _____

(3) Result (attach a copy of the court's opinion or order if available): _____

**(b) GROUND TWO:** PETITIONER CONTENDS THAT THE PRISON SYSTEM IS IN ERROR TO HOLD HIM IN CUSTODY ON A CHARGE THAT HAS NO TERM MINUS THE BENEFIT OF PC1381 RIGHT TO DEMAND SENTENCE. 6TH AMEND

**Supporting FACTS:** ON DEC. 14, 2007, PETITIONER ATTENDED A TIME COMPUTATION HEARING CONDUCTED BY THE PRISONS RECORDS STAFF PER MY PERSONAL REQUEST. PURSUANT TO STATE LAW PROCEDURE, PETITIONER SOUGHT EXPLANATION OF THE OBVIOUS ERROR HOLDING HIM CONFINED FROM HEARINGS PANEL OF OFFICIALS. PETITIONER ASSERTED THAT HE IS OVERDUE FOR RELEASE FROM CUSTODY BASED ON THE ACCUMULATED GOOD-TIME CREDIT HE HAS EARNED WITH POSITIVE PROGRAMMING. THE CHAIRMAN OF THE COMMITTEE V. MYERS BEGAN TO EXPRESS TO THE PETITIONER THAT THE DEPARTMENTS RECORDS REFLECT A REMAINING COUNT OF INDETERMINATE STATUS WHICH STEMS FROM THE #BA009423 COMMITMENT ORDER OF COURT CLERK L. HARGROVE. (SEE EXHIBIT B) THE SAME ORDER THEY SAID IS MISSING. IN DISPUTE OF THE COMMENT PETITIONER PRODUCED THE ENTIRE CERTIFIED SENTENCING COURT TRANSCRIPTS VOL. 9 FROM CASE #BA009423, AND COMMENCED TO ENLIGHTEN THE SUBJECTS OF THE TRUE SENTENCE AND CORRECT THEIR ERRONEOUS RECORDINGS. THE SUBJECT COUNT NUMERATED AS COUNT 4, IS AN EXISTING COUNT WHICH WAS NEVER IMPOSED BY THE COURT AND IS NOT EVEN MENTIONED IN THE ORAL PRONOUNCEMENT OF JUDGMENT. IT IS SOLELY THE POSITION OF THE CDCR TO ENFORCE UPON THE PETITIONER AN UNLAWFUL PUNISHMENT FOR AN UNIMPOSED CHARGE OUTSIDE OF THEIR JURISDICTION. (SEE EXHIBIT C9)

**Did you raise GROUND TWO in the California Supreme Court?**

☑ Yes ☐ No.

> If yes, answer the following:
>
> (1)  Nature of proceeding (i.e., petition for review, habeas petition): WRIT H/C
>
> (2)  Case number or citation: S153467
>
> (3)  Result (attach a copy of the court's opinion or order if available): SEE ATTACHED

(c) **GROUND THREE**: DENIAL OF THE RIGHT TO A TRIAL BEFORE PRISON OFFICIALS SENTENCED PETITIONER TO A LIFE SENTENCE.

**Supporting FACTS**: ON MAR. 10, 2008, PETITIONER WAS SUMMONED TO YET ANOTHER HEARING WITH PRISON OFFICIALS I.E. RECORDS STAFF ELIZABETH BUTLER AND VIRGINIA MYERS, MOVING IN FURTHERANCE OF THE ACTION REQUESTED THAT WAS GRANTED IN THE 12-14-07 CDC1031, THE PAIR ASKED THAT PETITIONER PROVIDE THEM WITH A COPY OF THE *BA009423 ABSTRACT/MINUTE ORDER AND SENTENCING TRAN- SCRIPTS TO PRESENT TO THE COURT. IN THE MEANWHILE THE CDCR WILL WRITE-IN A SENTENCE OF 7 YEARS-TO-LIFE FOR THE UNIMPOSED COUNT AS AUTHORIZED AND VERIFIED BY THE SUBMISSION OF THE 3-10-08 CDC ISL WORKSHEET.

CALCULATED RELEASE DATE RECORDED ON SAID DOCUMENT AS 7-2-05, WITHSTANDING THE IMPOSITION OF AN INDETERMINATE TERM. (SEE EXHIBIT D)

THE IN CUSTODY PETITIONER IS ALLEGING THAT WHILE HE IS IN PRISON VIA A JUDGMENT OF THE STATE COURT, THAT SPECIFIC DURATION HAS EXPIRED AND ALL FURTHER DETENTION IS IN VIOLATION OF THE U.S. CONST. 5TH 6TH, 8TH & 14TH AMENDMENTS.

**Did you raise GROUND THREE in the California Supreme Court?**

☑ Yes ☐ No.

    If yes, answer the following:

    (1)   Nature of proceeding (i.e., petition for review, habeas petition): WRIT H/C

    (2)   Case number or citation: EHC C0937

    (3)   Result (attach a copy of the court's opinion or order if available): DENIED

**(d)  GROUND FOUR:** _____

_____

N / A

**Supporting FACTS:** _____

_____

N / A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): ____ N / A ____

(2)  Case number or citation: _____

(3)  Result (attach a copy of the court's opinion or order if available): _____

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes   ☑ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____ N / A _____

(b) Case Number: _____ N / A _____

(c) Date action filed: _____ N / A _____

(d) Nature of proceeding: _____ N / A _____

_____

(e) Name(s) of judges (if known): _____ N / A _____

(f) Grounds raised: _____ N / A _____

_____

_____

_____

_____

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes   ☑ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: _____ MARK WINDHAM _____

(b) At arraignment and plea: _____ UNK . _____

(c) At trial: _____ JOHN HUD _____

(d) At sentencing: _____ JOHN HUD _____

(e) On appeal: _____ JOSEPH FARNAN _____

(f) In any post-conviction proceeding: _____ PRO SE _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____ PRO SE _____

_____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☑ Yes  ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☑ No

   (a)  If so, give name and location of court that imposed sentence to be served in the future:

                                              N / A

   (b)  Give date and length of the future sentence:  _____ N / A _____

   (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
      ☐ Yes  ☐ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐  Plaintiff consents to magistrate    **OR**    ☑  Plaintiff requests that a district judge
    judge jurisdiction as set forth                          be designated to decide dispositive
    above.                                            matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

*Nathaniel Wallace*
_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

8- 1 - 08            *Nathaniel Wallace*
_____            _____
(DATE)                SIGNATURE OF PETITIONER



STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY ——————                 ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**Calipatria State Prison**
**P.O. Box 5001, 7018 Blair Road**
**Calipatria, CA 92233**

April 22, 2008

*5/8/2008*

TRANSCRIBER'S OFFICE
111 N. HILL ST., RM. 234
LOS ANGELES, CA 90012

*attn: Scott Barber*
*Fax (213) 346 — 9018*

ATTN: CERTIFICATION

RE:  Name:       WALLACE, NATHANIEL
     CDC:        E63680
     Case#:      BA009423

Dear Clerk of the Court:

The above identified subject has been sentenced to the California Department of Corrections from your county. We have not received the following document(s) on the above case. It is of the utmost importance that these documents are received to properly record the commitment.

   ( )    Information/Charging Document of Complaint
   ( )    Probation Officer's Report
   ( )    Arrest Report/Investigating Agency Report
   (X)    **Certified** copy of the Abstract of Judgement- Commitment/Minute Order
          (DATED 10-27-92)
   (X)    Transcript of proceedings at the time of sentencing
   ( )    Statement by Judge and District Attorney pursuant to Penal Code
          section 1203.1

Your cooperation in this matter is greatly appreciated.

Sincerely,

D. COUCHMAN, OA(T) for
V. MYERS
Correctional Case Records Manager



RECEIVED CAL APPEALS JAN 3 9 2008

CAL

DEPT. 130

01929

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES    R8 ld

B:    JULY 21,1990                                    G JOHNSON
NORABLE:  GEORGE TRAMMELL                              K PARKER-RIJKE        7/27/90    Deputy Clerk
          D HORSLEY                    JUDGE                                 CuST Donu   Reporter
                              Deputy Sheriff                          (Parties and counsel checked if present)

A009423                                                 IRA A REINER         , DISTRICT ATTY.    BY
                                       Counsel for
PEOPLE OF THE STATE OF CALIFORNIA      Plaintiff X    K FRIEDENBERG           DEPUTY
                    VS
                                       Counsel for
  X    WALLACE, NATHANIEL              Defendant X   J HUD    BP    XXXXXXXXXXXXXXXX
              X243551   1741150                                    XXXX

NATURE OF PROCEEDINGS PROBATION AND SENTENCE            (Boxes checked if order applicable)

court advises defendant of his appeal/parole rights.

PROBATION DENIED, SENTENCE AS INDICATED BELOW.
Whereas the said defendant having . . . . . . . been    duly    found
guilty in this court of the crime of  ATTEMPTED MURDER (187(a)/664 PC), A felony, as charged
in count 4 of the information;(by JURY), further find that in the commission
and attempted commission of the above offense was willful, deliberate,
premeditated to be true; further find the allegation that in the commission
and attempted commission of the above offense, the said defendant, personally
used a firearm within the meaning of penal code sections 1203.06(a)(1)
AND 12022.5 to be TRUE: the COURT further alleged that in the commission
and attempted commission of the above offense, the said defendant,
personally used a firearm within the meaning of penal code section
1203.06(a))1) AND 12022.5 and also causing the above offense to become
a serious felony pursuant to penal code section 1192.7(c)(8)

It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the
State Prison. FOR THE term of LIFE WITH POSSIBILITY OF PAROLE,  PLUS
2 YEARS PURSUANT TO SECTION 12022.5 penal code to run consecutive
with each other

X Defendant is given credit for . . . . . . . 347 . . . . . . days in custody (includes _____ 116 _____ days good time/work time).
It is further Ordered that the defendant be remanded into the custody of the Sheriff of the County of Los Angeles and
delivered by him into the custody of the Director of Corrections at the California State Institution
          X for Men at Chino, California
          ☐ for Women at Frontera, California
          ☐ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                                                    E N T E R E D
                                                    7-24-90
☐ Remaining count(s) dismissed in interests of justice.           FRANK S ZOLIN
☐ Bail exonerated.                                              COUNTY CLERK
                                                            AND CLERK OF THE
                                                            SUPERIOR COURT
2    76J805A (REV. 7-82) S-90         JUDGMENT           1h
     C-109

PINK ORIGINAL TO FILE       YELLOW COPY TO STATEWIDE DISTRIBUTION



21

1   AGGRAVATION TO EXIST, WITH THE EXCEPTION, I AM NOT

2   TOTALLY CONVINCED THAT NUMBER 2, THAT HE IS THE ONE WHO

3   IS THE LEADER, PREDOMINANT PARTICIPANT.

4        IF I HAD TO CHOOSE, I WOULD PICK YOUR

5   CLIENT.  BUT I AM NOT SURE THAT WAS CLEARLY SHOWN BY

6   THE EVIDENCE.  I THINK THAT'S MORE BASED ON MY GUT

7   REACTION TO YOUR CLIENT THROUGHOUT THESE PROCEEDINGS

8   OVER THE LAST 4 OR 5 MONTHS THAN IT IS FROM ANY

9   EVIDENCE THAT CAME OUT WITH RESPECT TO THE CHARGES.

10        ALSO, THERE ARE OTHER FACTORS IN

11  AGGRAVATION, AND I WILL POINT OUT AS I  GO THROUGH THE

12  SENTENCING.

13        FIRST OF ALL, WITH RESPECT TO THE PRINCIPAL

14  TERM, THE COURT UTILIZES COUNT III AS THE PRINCIPAL

15  TERM, THE ATTEMPTED MURDER OF DEBRA ROSENBAUM.

16        AND IN SELECTING WHICH OF THE 2 TERMS, THE

17  COURT FINDS THAT FIRST OF ALL, THE DEFENDANT'S PRIOR

18  CONVICTIONS AS AN ADULT AND ADJUDICATION OF COMMISSION

19  OF CRIMES BOTH AS AN ADULT AND JUVENILE ARE NUMEROUS

20  AND VERY DEFINITE OF AN INCREASING SERIOUSNESS.

21        HE SERVED A PRIOR CYA TERM.  HE WAS ON

22  PROBATION AT THE TIME HE COMMITTED THE OFFENSE, AND

23  OBVIOUSLY HIS PERFORMANCE ON PROBATION WAS

24  UNSATISFACTORY.

25        I FIND THOSE ALL WOULD JUSTIFY THE

26  IMPOSITION OF A HIGH BASE TERM, AND ACCORDINGLY I

27  IMPOSE THE HIGH BASE TERM OF 9 YEARS.

28        WITH RESPECT TO THE 12022.5, I WILL IMPOSE

22

223-2

1    AN ADDITIONAL 2 YEARS IN STATE PRISON TO BE SERVED

2    CONSECUTIVELY.

3         WITH RESPECT TO THE 12022.7 ALLEGATION, THE

4    COURT IMPOSES AN ADDITIONAL 3 YEARS TO BE SERVED

5    CONSECUTIVELY.

6         THE PRINCIPAL TERM THEN WOULD AGGREGATE TO

7    14 YEARS IN THE STATE PRISON.

8         WITH RESPECT TO THE SUBORDINATE TERMS, THE

9    COURT FEELS THAT BASED ON THE FACT THAT THESE WERE

10   SEPARATE ACTS OF VIOLENCE, INVOLVED SEPARATE ACTS OF

11   THREATS OF VIOLENCE, THE FACT THAT THERE WERE MULTIPLE

12   VICTIMS, THE FACT THAT THE ACTS THEMSELVES INVOLVED A

13   HIGH DEGREE OF CRUELTY, VICIOUSNESS AND CALLOUSNESS,

14   AND YOU WERE VERY DEFINITELY ENGAGED IN A PATTERN OF

15   CONDUCT THAT INDICATES A SERIOUS DANGER TO SOCIETY, TO

16   JUSTIFY CONSECUTIVE SENTENCING OF ALL OF THE REMAINING

17   TERMS.

18        ONE LAST ONE THAT I FEEL IS IMPORTANT --

19   AND I AM NOT LIMITED, ALTHOUGH I THINK THAT'S

20   SUFFICIENT TO IMPOSE CONSECUTIVE SENTENCING -- I AM NOT

21   LIMITED TO THE RULES OF COURT -- AND THAT IS,

22   ABSOLUTELY NO REMORSE ON YOUR PART FOR ANYTHING YOU

23   HAVE DONE.

24        I CAN'T HELP BUT RECALL SITTING HERE AT THE

25   VERY CONCLUSION OF THIS TRIAL WHEN WE PLAYED A

26   VIDEOTAPE OF THE YOUNG VICTIM, ABOUT A MONTH AFTER YOU

27   DAMN NEAR KILLED HER, AND HER ON THAT TAPE TRYING TO

28   TALK.  AND THIS IS A GIRL WHO HAS GONE THROUGH COLLEGE,

1   WAS A GRADUATE STUDENT.

2         THE TREMENDOUS DIFFICULTIES THAT SHE WAS

3   HAVING ON THAT VIDEOTAPE, THAT THE MACHINE COULDN'T

4   HAVE BEEN MORE THAN 5 FEET AWAY FROM YOU, AND WATCHING

5   YOU AS YOU SAT THERE SMILING AS YOU WATCHED IT.

6   BECAUSE I WAS THE ONLY PERSON IN THIS COURTROOM THAT

7   HAD A VIEW OF YOU AND YOUR CO-DEFENDANT AT THAT TIME,

8   THERE WAS A TREMENDOUS DIFFERENCE BETWEEN YOUR REACTION

9   TO WHAT WAS GOING ON IN THAT VIDEOTAPE, AND THAT OF THE

10  CO-DEFENDANT.

11        QUITE FRANKLY, I AM VERY HAPPY THAT YOU

12  TURNED DOWN A PLEA BARGAIN OFFERED BY THE DISTRICT

13  ATTORNEY.  QUITE FRANKLY, ANYTHING THAT I CAN DO BY WAY

14  OF A SENTENCE IS FAR TOO LIGHT, AS I LOOK AT YOU AS AN

15  INDIVIDUAL, AND AS I LOOK TO THE CRIMINAL CONDUCT THAT

16  YOU HAVE ENGAGED IN UP TO AND THROUGH AND INCLUDING THE

17  NIGHT OF THE 2ND OF DECEMBER.

18        I PUT SOME PEOPLE AWAY FOR LIFE WITHOUT

19  POSSIBILITY OF PAROLE.  I HAVE PARTAKED SENDING PEOPLE

20  TO DEATH ROW.

21        AND ALL I CAN SAY IS WHAT I CAN DO TO YOU

22  BY WAY OF SENTENCE IS FAR TOO LIGHT IN CONSIDERATION OF

23  WHAT I MENTIONED.  WITH RESPECT TO COUNT I, THE ROBBERY

24  OF JOHN MATSRESCU, YOU ARE SENTENCED TO ONE-THIRD THE

25  MID BASE TERM, WHICH IS 1 YEAR, TO BE SERVED

26  CONSECUTIVELY.

27        WITH RESPECT TO THE 12022.5 ENHANCEMENT

28  ALLEGATION, YOU ARE SENTENCED TO AN ADDITIONAL 3

24

1  MONTHS, WHICH IS ONE-THIRD THE ENHANCEMENT, TO BE

2  SERVED CONSECUTIVELY.

3              WITH RESPECT TO THE DEBRA ROSENBAUM ROBBERY

4  IN COUNT II, YOU ARE SENTENCED TO THE STATE PRISON FOR

5  ONE-THIRD THE MID BASE TERM, TO BE SERVED CONSECUTIVELY

6  WITH ALL THE OTHER SENTENCES.

7              YOU ARE ALSO SENTENCED TO ONE-THIRD THE

8  ENHANCEMENT UNDER THE 12022.5 ENHANCEMENT ALLEGATION,

9  WHICH WOULD BE AN ADDITIONAL 8 MONTHS CONSECUTIVE.

10             WITH RESPECT TO THE 12022.7 ENHANCEMENT,

11 YOU ARE SENTENCED TO ONE-THIRD OF THAT, WHICH WOULD BE

12 1 YEAR, BUT THAT IS STAYED.

13             WITH RESPECT TO COUNT V, THE ROBBERY OF

14 CALVIN JOHNSTON YOU ARE SENTENCED TO ONE-THIRD THE MID

15 BASE TERM, TO BE SERVED CONSECUTIVELY; IT WILL BE A 1

16 YEAR CONSECUTIVE SENTENCING.

17             12022.5 USE ALLEGATION, YOU ARE SENTENCED

18 TO A CONSECUTIVE ONE-THIRD, WHICH WOULD BE AN

19 ADDITIONAL 8 MONTHS.

20             WITH RESPECT TO MARJEL JOHNSTON, COUNT VI,

21 YOU ARE SENTENCED TO ONE-THIRD THE MID BASE TERM, TO BE

22 SERVED CONSECUTIVELY.

23             THE USE ENHANCEMENT ALLEGATION, 12022.5,

24 YOU ARE SENTENCED TO AN ADDITIONAL ONE-THIRD OF THAT

25 ENHANCEMENT, WHICH IS 8 MONTHS.

26             ALL OF THOSE SENTENCES ARE TO BE SERVED NOT

27 ONLY CONSECUTIVE TO THEMSELVES, BUT CONSECUTIVE TO ANY

28 OTHER SENTENCE YOU HAVE RECEIVED.

1          THERE ARE -- I HAVE TO RECALCULATE YOUR

2     SENTENCE IN THE CASE IN WHICH YOU WERE CONVICTED IN

3     DEPARTMENT 132 IN BA009346.  IN THAT MATTER YOU

4     RECEIVED A SENTENCE OF MID TERM BASE, 3 YEARS, AND WITH

5     AN ENHANCEMENT OF, I BELIEVE, 2 YEARS.  THAT SENTENCE

6     IS TO BE SERVED CONSECUTIVE.  THAT WOULD BE ONE-THIRD

7     THE MID BASE TERM, OR ADDITIONAL 1 YEAR; AND ADDITIONAL

8     ONE-THIRD FOR THE SENTENCE ENHANCEMENT, WHICH WOULD BE

9     AN ADDITIONAL 8 MONTHS.

10          IS THERE ANY EVIDENCE TO BE OFFERED BY THE

11    DEFENDANT WITH RESPECT TO THIS PROBATION VIOLATION IN

12    CASE A650889?

13          MR. HUD:  SUBMIT IT, YOUR HONOR.

14          THE COURT:  ALL RIGHT.

15          THE COURT TAKES JUDICIAL NOTICE OF THE

16    CONVICTIONS IN THIS COURT AND THE CONVICTIONS IN

17    DEPARTMENT 132, AND SENTENCES YOU TO ONE-THIRD THE MID

18    BASE TERM IN THAT CASE, WHICH IS AN ADDITIONAL 8

19    MONTHS.

20          IT'S THE INTENT OF THE COURT THAT YOU SERVE

21    THE DETERMINATE TERMS ON THE CONSECUTIVE BASIS, AND

22    SERVE THOSE CONSECUTIVE TO YOUR SERVICE OF THE

23    INDETERMINATE TERMS.

24          THE SERVICE IN THE STATE PRISON OF THE

25    CONSECUTIVE DETERMINATE TERM IS TO BE SERVED FIRST.

26          WITH RESPECT TO COUNT III, YOU ARE

27    SENTENCED TO LIFE IMPRISONMENT WITH THE POSSIBILITY OF

28    PAROLE, TO SERVE YOUR SENTENCE TO AN ADDITIONAL 2 YEARS

26

1    PURSUANT TO THE USE ALLEGATION, 12022.5, FOR A TOTAL

2    INDETERMINATE SENTENCE OF LIFE IMPRISONMENT WITH THE

3    POSSIBILITY OF PAROLE, AND 2 YEARS CONSECUTIVE TO

4    THAT.

5            I CALCULATE THE AGGREGATE SENTENCE -- THE

6    DETERMINATE SENTENCE IS 23 YEARS IN THE STATE PRISON.

7    THE INDETERMINATE SENTENCE IS LIFE IMPRISONMENT WITH

8    THE POSSIBILITY OF PAROLE, WITH 2 YEARS IN THE STATE

9    PRISON CONSECUTIVE TO THAT.

10           YOU COMMITTED TO THE CARE AND CUSTODY OF

11   THE DIRECTOR OF CORRECTIONS TO SERVE SUCH SENTENCE.

12           YOU HAVE THE RIGHT, MR. WALLACE, TO APPEAL

13   THE FINDING OF THE JURY ON THE ISSUE OF YOUR GUILT.

14           YOU HAVE A RIGHT TO APPEAL THE SENTENCE

15   WHICH I HAVE JUST IMPOSED.   THAT MUST BE FILED WITHIN

16   60 DAYS, AND BE FILED WITH THIS COURT.

17           THE APPEAL, HOWEVER, LIES IN THE COURT OF

18   APPEAL.   YOU HAVE A RIGHT TO BE REPRESENTED BY AN

19   ATTORNEY AT ALL STAGES OF THAT APPEAL.   IF YOU DESIRE

20   TO HAVE AN ATTORNEY REPRESENT YOU AND YOU DO NOT HAVE

21   THE MONEY WITH WHICH TO HIRE AN ATTORNEY, YOU ARE TO

22   PETITION THE COURT OF APPEAL FOR YOUR APPOINTMENT OF AN

23   ATTORNEY TO REPRESENT YOU FREE OF CHARGE.

24           DO YOU UNDERSTAND YOUR RIGHTS OF APPEAL

25       DEFENDANT WALLACE:   YES.

26       MR. HUD:   FOR THE RECORD, I HAVE FILED A PRO PER

27   NOTICE OF APPEAL THIS DATE, AN ORIGINAL AND COPY.

28           ALSO, I WOULD, FOR THE RECORD, OBJECT TO



MEPD CALCULATION FOR LIFERS WITH CONSECUTIVE B TERMS RECEIVED
AFTER 2-16-1989 OR NOT AFFECTED BY IN RE  )NIGOLD

CAL

A 07 01 9 29

## DSL TERM

1. TERM START DATE ___7-27-1990___ + PLUS DSL TERM __22Y. 8m.__ = BASE DATE __3-27-2013__
   (RECEIVE DATE)

2. MINUS PRECONFINEMENT CREDIT          - _____349_____
   (PRECONFINEMENT = PRESENTENCE + POSTSENTENCE)

3. EQUALS MAX DSL          = ___4-12-2012___

4. MINUS VESTED CREDIT          - _____1_____
   (1/2 POSTSENTENCE CREDIT)

5. ADJUSTED MAX DSL          = ___4-11-2012___

6. MINUS NET CREDIT EARNED   1673        1410          - _____163_____
   (NET CREDIT = CREDIT EARNED - CREDIT LOSS + CREDIT RESTORED) =163

7. CURRENT RELEASE DATE ON DSL TERM          = ___10-31-2011___

8. MINUS DATE CREDIT APPLIED THROUGH          - ___3-3-1999___

9. DAYS LEFT TO SERVE          = _____4625_____

10. DIVIDE DAYS TO SERVE BY CURRENT WORK GROUP          = _____2312_____
    (A1;2.A2;3.B;3.D1;3.U;3. ROUND DOWN)

11. CURRENT RELEASE DATE ON DSL TERM (A-7)          ° ___10-31-2011___

12. MINUS (A-10)          - _____2312_____

13. PROJECTED EARLIEST DATE DSL TERM COULD END AND
    15/25-LIFE OR 7/9-LIFE TERM BEGINS          = ___7-2-2005___

## CALCULATION FOR LIFE SENTENCE WITH 7/9 OR 15/25 YEAR MEPD

1. LIFE TERM START DATE (A-13)          ___7-2-2005___

2. PLUS LIFE TERM (15/25 OR 7/9 YRS)          + _____7yrs_____

3. PROJECTED MAX ELIGIBLE PAROLE DATE          = ___(7-2-2012)___
   (STOP HERE FOR 7/9 YEARS TO LIFE CALCULATION)

4. MINUS LIFE TERM START DATE (B-1)          - _____

5. DAYS IN CUSTODY ON WHICH GTC MAY BE EARNED          = _____

6. DIVIDE B-5 BY 3 EQUALS GOOD TIME CREDIT (round up)          ÷ 3 = _____

7. PROJECTED MAX ELIGIBLE PAROLE DATE (E-3)          _____

8. MINUS GOOD TIME CREDITS (B-6)          - _____

9. EQUALS MINIMUM ELIGIBLE PAROLE DATE (MEPD)          = _____

## PC/BC CALCULATION  (PC/BC CALCULATION APPLICABLE ONLY FOR 15/25YRS)

1. B-6 DIVIDED BY 4 = PC_____          DOC: __7/2008__

2. C-1 MULTIPLIED BY 3 = BC_____          INITIAL: __(6/2011)__

__E63680__          __Wallace, N.__          __CAL__          __3-10-08__          __F.Butler/CCRS(A)__
DC NUMBER          NAME          INSTITUTION          DATE          CCR SPECIALIST

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, NATHANIEL WALLACE _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE PETITIONER _____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _____ 1st _____ DAY OF: _____ AUGUST _____ 20 08 AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

(SIGNATURE) _Nathaniel Wallace_
(DECLARANT/PRISONER)

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, N. WALLACE _____ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002,
CALIPATRIA, CALIFORNIA #92233-5002.

ON _____ 8-1- _____ 20 08 I SERVED THE FOREGOING: 28 USCA §2254
UNLAWFUL DETENTION/CUSTODY

*(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)*

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

COURT CLERK
SO. DIST. COURT
880 FRONT ST. SUITE 4290
SAN DIEGO, CA. 92101-8900

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _____ 8-1-08 _____

_Nathaniel Wallace_
(DECLARANT/PRISONER)