UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WALLACE,<br><br>                         Petitioner,<br><br>           v.<br><br>LARRY SMALL, Warden,<br><br>                         Respondent. | Civil No.   08cv1146 LAB (POR)<br><br>**REPORT AND RECOMMENDATION THAT RESPONDENT'S MOTION TO DISMISS BE DENIED WITHOUT PREJUDICE**<br><br>**(Doc. No. 42)** |

On June 26, 2008, Petitioner Nathaniel Wallace ("Petitioner"), a state prisoner currently incarcerated at Calipatria State Prison and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the petition with prejudice, asserting it is time-barred and it fails to state a cognizable federal claim.  In accordance with 28 U.S.C. § 2254, this Court recommends Respondent's Motion to Dismiss be **DENIED** without prejudice.

## I.   PROCEDURAL & FACTUAL BACKGROUND

**A.   Petitioner's Conviction and Sentencing**

On July 24, 1990, following a jury trial, Petitioner's Abstract of Judgment shows that Petitioner was convicted of four counts of second degree robbery (Counts 1, 2, 5, 6) and two counts of attempted murder (Counts 3, 4) in Los Angeles Superior Court, case number BA009423.  (Doc. No. 40, Lodgment 4.)  For Counts 1, 2, 3, 5, and 6, Petitioner was sentenced to twenty-three years, which were to run consecutive to Count 4's sentence of a life term plus two years with the

possibility of parole. (Id.) Petitioner was also sentenced in two other cases (A650889 and BA009346) to a total term of seven years to run consecutively to Petitioner's sentence in case number BA009423. (Doc. No. 40, Lodgments 5, 6.)

On October 27, 1992, the California Court of Appeal, Second Appellate District, affirmed Petitioner's conviction. (Doc. No. 41, Lodgment 3 at 5.) Petitioner did not appeal to the California Supreme Court. (Id.)

**B.    The Time Computation Hearing**

On December 14, 2007, at Petitioner's request, a Time Computation Hearing (the "Hearing") was conducted by the California Department of Corrections and Rehabilitation ("CDCR") for the purpose of calculating Petitioner's remaining sentence. (See FAP at 7.) Petitioner asserted during the Hearing that he should have been released from prison based upon his accumulated good-time credit. (FAP at 7.) The CDCR, however, noted that their records reflect a remaining indeterminate sentence for Count 4 in case number BA009423. (Id.) At the Hearing, Petitioner produced a certified copy of the transcript of the sentencing hearing from that case number, which did not reflect the imposition of a sentence for Count 4. (Id.)

On March 10, 2008, the CDCR held a second Hearing and requested a copy of the Abstract of Judgment and the sentencing hearing transcript in case number BA009423 from Petitioner. (FAP at 8.) There is no evidence that Petitioner had the Abstract of Judgment in his possession, though he apparently did have a copy of the transcript of his sentencing hearing. (See id. at 7-8.) In the meantime, because they allegedly did not have a copy of the sentence imposed in Count 4, the CDCR calculated Petitioner's sentence for that count by "writing-in" a term of 7-years-to-life. (Id. at 8.) Based thereon, it was determined that Petitioner would be eligible for parole on July 2, 2012. (FAP at 25.)

On April 22, 2008, the CDCR sent a letter to the Los Angeles Superior Court's Clerk of Court requesting a certified copy of the Abstract of Judgment in case number BA009423 and a transcript of the proceedings at the time of sentencing. (FAP at 14.) There is nothing in the record regarding whether the CDCR received these copies.

### C.   Petitioner's State Habeas Petitions

On May 16, 2008[1], Petitioner filed a petition for habeas relief in the Imperial County Superior Court wherein he asserted the sentence calculated by the CDCR differs from the sentence he received during the sentencing hearing. (Doc. No. 41, Lodgment 1; FAP at 3.) Petitioner argued that a sentence for Count 4 was neither mentioned in "the oral pronouncement of judgment"[2] nor imposed at the sentencing hearing. (FAP at 7.) On July 24, 2008, Petitioner's habeas petition was denied on the ground that the Imperial County Superior Court was not the sentencing court and no documentation was supplied by Petitioner in support of his petition. (Doc. No. 41, Lodgment 2.)

On June 24, 2008, prior to receiving a decision regarding his Superior Court habeas petition, Petitioner filed a habeas petition in the California Court of Appeal, Second Appellate District, Division 2. (Doc. No. 41, Lodgment 3; FAP at 4.) On July 23, 2008, the appellate court denied that petition. (See Doc. No. 41, Lodgment 4.)

On July 28, 2008, Petitioner filed with the California Supreme Court. (Doc. No . 41, Lodgment 5.) On October 16, 2008, the California Supreme Court denied Petitioner's state habeas petition. (Doc. No. 41, Lodgment 6.)

### D.   Petitioner's Federal Habeas Petition

On June 26, 2008, prior to receiving a final determination in his state habeas petition, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. No. 1.) On August 5, 2008, upon Court Order, Petitioner filed a FAP, bringing his claims pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments. (Doc. No. 3 at 7-9.) Petitioner challenges the computation of his sentence and his continued detainment in Calipatria State Prison. (FAP at 6.) Specifically, Petitioner claims that (1) the CDCR did not have the Abstract of Judgment in their possession at the time of the Hearing and, thus, cannot rely upon it to determine his remaining sentence; (2) because the Abstract of Judgment sentences him for Count 4, but the verdict

---

[1] Petitioner filed numerous habeas petitions in state and federal court during this period, and, thus, some of the dates of his filings overlap with each other.

[2] The Court construes the "oral pronouncement of judgment" as the verdict of the jury.

of the jury and the oral statements at the sentencing hearing allegedly do not mention Count 4, his detainment violates the United States Constitution; and (3) Petitioner was denied a trial prior to the CDCR's purported extension of Petitioner's sentence based on Count 4. (FAP at 7-9.)

On February 2, 2009, Respondent filed a Motion to Dismiss ("MTD"). (Doc. No. 29.) Respondent argues the FAP is barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, statute of limitations because Petitioner learned of the factual predicate of this claim on July 24, 1990 when he was sentenced and, thus, was required to file his claim for relief by April 24, 1997. (MTD at 2.) Alternatively, Respondent asserts the FAP fails to set forth a cognizable federal claim. (Id. at 2-3.)

On February 25, 2009, Petitioner filed an Opposition to Respondent's Motion to Dismiss ("Opposition"). (Doc. No. 34.) Petitioner asserts the factual predicate of his claim occurred on December 13, 2007 during the CDCR Computation Hearing and, thus, under AEDPA, his FAP is timely. (Id. at 3; See 28 U.S.C. § 2244(d)(1)(D)). In support of his claim, Petitioner argues that prior to the Hearing held by the CDCR, his sentence was not calculated. (Id. at 2-3.) Petitioner also contends his detainment beyond the sentence announced in the Sentencing Hearing presents a federally cognizable claim under 28 U.S.C. § 2254(a). (Id. at 3.)

## II. DISCUSSION

**A.     Statute of Limitations**

Respondent first moves to dismiss the FAP on the ground that it is barred by the one-year limitations period imposed by AEDPA under 28 U.S.C. § 2244(d)(1)(A). (MTD at 2.) Petitioner argues his FAP is not time-barred because he did not become aware of the factual predicate of his claim until December 2007. (Oppos. at 2-3.)

AEDPA applies to all federal habeas corpus petitions filed after April 24, 1996. See Lindh v. Murphy, 521 U.S. 320 (1997). Because Petitioner first filed a habeas petition on June 26, 2008, AEDPA applies. AEDPA states, in pertinent part:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, then, because Petitioner's judgment became final in 1992, Petitioner should have filed his petition no later than August 24, 1997 pursuant to § 2244(d)(1)(A) unless § 2244(d)(1)(D) applies. Under section 2244(d)(1)(D), the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In Hasan v. Galaza, the Ninth Circuit held that the statute of limitations begins to run when the prisoner knows, or through diligence *could* discover, the important facts giving rise to a claim. See 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner asserts he did not know of the facts supporting his claim until the December 2007 Hearing. Respondent asserts Petitioner knew, or could have known, of his claim following his sentencing – that is, at that time, Petitioner could have known of the discrepancy between his Abstract of Judgment, the jury verdict, and the oral statements made during the sentencing hearing. While Respondent is seemingly comfortable allowing the Court to assume Petitioner had a copy of the Abstract of Judgment following his conviction so as to compare it to the jury verdict and the statements made at his sentencing hearing, there is nothing in the record to indicate he had a copy of his Abstract of Judgment and this Court will not assume as much without supporting documentation.

Accordingly, Respondent's motion to dismiss as to this ground is **DENIED** without prejudice.

**B.     Cognizable Federal Constitutional Claim**

Alternatively, Respondent argues Petitioner fails to present a cognizable federal claim. Petitioner, in his Opposition, claims that he does present a cognizable federal claim. His argument is, essentially, that because he was not convicted of or sentenced for Count 4, the CDCR's imposition of a life-sentence for that count violates Petitioner's constitutional rights because the

CDCR was not a court of competent jurisdiction to impose such a sentence.

Federal habeas relief is available under 28 U.S.C. § 2254(a) only on behalf of a person in custody in violation of the Constitution or laws and treaties of the United States. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Habeas relief is not available for an alleged error in the interpretation or application of state law. Id. at 67. Further, relief "is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Nonetheless, a sentence that is erroneous may be either void, and thus cognizable on habeas review, or merely voidable, and thus not cognizable on habeas review. See Graham v. Weeks, 138 U.S. 461, 462-63 (1891); Ex parte Lange, 85 U.S. 163,175-77 (1873).

At present, this Court is unable to determine whether Petitioner's FAP states a cognizable claim. Respondent filed its MTD without a record of Petitioner's judgment or sentencing hearing, and without any showing of the relevance of these matters in relation to an Abstract of Judgment. As such, this Court respectfully recommends that Respondent's Motion to Dismiss be **DENIED** as to this ground. Should Respondent file a second motion to dismiss, Respondent shall file a complete record, as well as the legal significance of an Abstract of Judgment in relation to the jury's verdict and the sentence imposed at the sentencing hearing.

## III. CONCLUSION

After thorough review of the record in this matter and based on the foregoing analysis, it is recommended that Respondent's Motion to Dismiss be **DENIED** without prejudice.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than September 4, 2009**, any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

1    IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no later than ten days** after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Y1st, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: August 20, 2009

_____
LOUISA S PORTER
United States Magistrate Judge

cc:    The Honorable Larry A. Burns
      all parties

- 7 -    08cv1146