# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N. WALLACE,<br><br>                         Petitioner,<br><br>   vs.<br><br>LARRY SMALL, Warden,<br><br>                      Respondent. | CASE NO. 08cv1146-LAB (POR)<br><br>**ORDER ON MOTION TO<br>TRANSFER PETITION FOR<br>HABEAS CORPUS TO THE<br>CENTRAL DISTRICT OF<br>CALIFORNIA** |

## I.    Background

Pending before the Court is Respondent's motion to transfer Wallace's habeas petition to the Central District of California under 28 U.S.C. § 2241(d).  Wallace was convicted and sentenced in Los Angeles County, in the Central District, and is now serving his sentence in Calipatria State Prison, in the Southern District.  Respondent's position is that Wallace's petition ought to be heard in the district in which he was sentenced.

Wallace disagrees.  He argues that his petition in fact challenges the conditions of his imprisonment, and that it is best heard here in the Southern District.  Wallace also argues that transferring his petition under § 2241(d) would be improper because the Central District lacks personal jurisdiction over Respondent.

//

//

- 1 -

1   **II.     Discussion**

2       Under 28 U.S.C. § 2241(d), a habeas petitioner in a state with two or more federal

3   districts may file a petition either in the district where the sentencing state court is located,

4   or in the district where he is held in custody.  Section 2241(d) also provides that the two

5   federal district courts shall have concurrent jurisdiction to entertain a petition, and the district

6   court in which the petition is originally filed may, in its discretion, transfer the petition to the

7   other district court.

8       Wallace relies on *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) for the

9   proposition that where a district court lacks jurisdiction over the prisoner's custodian, it lacks

10  jurisdiction to hear a prisoner's habeas petition.  However, in *Dunne*, the petitioner was a

11  prisoner of the State of Washington, was incarcerated in a federal facility in Illinois, and filed

12  a habeas petition in Washington.   The transfer provision of § 2241(d) was therefore

13  inapplicable.  It is applicable here, though, because Wallace was sentenced in a California

14  state court and is now serving his sentence in a California facility.  *Dunne*, 875 F.2d at 249

15  ("Section 2241(d) applies when the prisoner is confined in that state in which he was

16  convicted and sentenced.").

17      The Ninth Circuit's opinion in *Dunne* also noted that transferring a petition from one

18  district court to another under § 2241(d) is more appropriate when the petitioner was

19  convicted and sentenced in a state court in the transferee district and is challenging that

20  underlying conviction and sentence.  *Dunne*, 875 F.2d at 249.  Transfer is less appropriate

21  when he is challenging the conditions or circumstances of his ongoing confinement, in which

22  case it makes more sense for a district court in the federal district where he is confined to

23  hear the petition.  *Id.* ("The proper forum to challenge the execution of a sentence is the

24  district where the prisoner is confined.").

25      Wallace seizes on this point in opposing transfer, claiming that his habeas petition

26  challenges prison conditions rather than his underlying conviction and sentence.

27  Specifically, Wallace argues that "[t]he subject § 2254 is filed on the premises [sic] of prison

28  conditions, in that, a particular count that the sentencing court was silent on, the California

Department of Corrections at Calipatria decided and rendered a punishment for, thus violating liberty interest and giving rise to a PC 1381 claim." Respondent disagrees: "A review of this Court's Orders has clarified that Petitioner is not challenging a condition of his confinement, and instead is directly challenging the judgment which has caused him to be confined in the first instance."

The Court disagrees with Respondent's characterization of Wallace's claims. The basis of Wallace's habeas petition is his allegation that "he has been in custody longer than he should have been." (Order Adopting R&R, 1.) As the recent R&R on Respondent's motion to dismiss put it, "Petitioner challenges the computation of his sentence and his continued detainment in Calipatria State Prison." (R&R, 3.) Wallace's claims do not, as Respondent argues, "exclusively challenge a judgment which was entered in Los Angeles County"; they concern a sentence calculation by the California Department of Corrections and Rehabilitation ("CDCR") that was made after he was convicted and sentenced in Los Angeles. Indeed, each of Wallace's three stated grounds for habeas relief make clear that Wallace's grievance is with the CDCR's execution of his state court sentence, not with that sentence itself or the underlying state court conviction. Following the Ninth Circuit's instruction in *Dunne* that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined," the Court sees little reason to transfer this case.

//
//
//
//
//
//
//
//
//
//

III.     **Conclusion**

It may be that Respondent seeks to have this case transferred because the documentary record is incomplete, the Court has ordered Respondent to obtain it, and it will be far easier for the Los Angeles office of the California Attorney General to do that.  Be that as it may, Respondent devotes a mere footnote in its brief to this explanation, and did not file a reply brief to counter Wallace's claim that his habeas petition in fact challenges the circumstances and execution of his sentence rather than the underlying state court judgment.   Respondent's motion is therefore **DENIED**, but without prejudice should Respondent wish to file an amended motion to transfer in which it makes its position more clear.  Respondent must do so within 14 calendar days of the date this Order is entered.

**IT IS SO ORDERED**.

DATED:  November 30, 2009

**HONORABLE LARRY ALAN BURNS**
United States District Judge