UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WALLACE,<br><br>                    Petitioner,<br><br>       v.<br><br>LARRY SMALL, Warden,<br><br>                    Respondent. | Civil No.   08cv1146 LAB (POR)<br><br>**REPORT AND RECOMMENDATION THAT FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS BE DENIED AND ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 3]**<br><br>**[Doc. No. 77]** |

On August 5, 2008, Petitioner Nathaniel Wallace ("Petitioner"), a state prisoner currently incarcerated at Calipatria State Prison and proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 3.)  The First Amended Petition raises three grounds for relief: (1) the trial court failed to impose a sentence for Count 4 at the sentencing hearing and, thus, Petitioner's continued detainment for this Count violates the United States Constitution; (2) the California Department of Corrections and Rehabilitation ("CDCR") violated his due process rights in calculating his remaining sentence for Count 4; and (3) Petitioner was denied a trial prior to the CDCR's purported extension of Petitioner's sentence based on Count 4.  (Id. at 7-9.)  On March 11, 2010, Respondent filed an Answer, requesting that this Court deny Petitioner's petition for failure to state a cognizable federal claim, notwithstanding any failure to exhaust under 28 U.S.C. §2254(b)(2).  (Doc. No. 68.)  On March 29, 2010, Petitioner filed a Traverse, asserting that his First Amended Petition raises numerous cognizable federal claims, all of which were fully

exhausted through his state court petitions. (Doc. No. 69.) Based upon a review of the parties' pleadings, and in accordance with Local Rule 72.1(d), this Court RECOMMENDS the First Amended Petition for Writ of Habeas Corpus be **DENIED**.

## I. PROCEDURAL & FACTUAL BACKGROUND

### A. Petitioner's Conviction and Sentencing

On July 24, 1990, following a jury trial, Petitioner's Abstract of Judgment shows that he was convicted of four counts of second degree robbery (Counts 1, 2, 5, 6) and two counts of attempted murder (Counts 3, 4) in Los Angeles Superior Court, case number BA009423. (Doc. No. 41, Lodgment 4.) For Counts 1, 2, 3, 5, and 6, Petitioner was sentenced to twenty-three years, which were to run consecutive to Count 4's sentence of a life term plus two years with the possibility of parole. (Id.) Petitioner was also sentenced in two other cases (A650889 and BA009346) to a total term of seven years to run consecutively to Petitioner's sentence in case number BA009423. (Doc. No. 41, Lodgments 5, 6.)

On October 27, 1992, the California Court of Appeal, Second Appellate District, affirmed Petitioner's conviction. (Doc. No. 41, Lodgment 3 at 5.) Petitioner did not appeal to the California Supreme Court. (Id.)

### B. The Time Computation Hearing

On December 14, 2007, at Petitioner's request, a Time Computation Hearing (the "Hearing") was conducted by the CDCR for the purpose of calculating Petitioner's remaining sentence. (See Doc. No. 3 at 7.) Petitioner asserted during the Hearing that he should have been released from prison based upon his accumulated good-time credit. (Id.) The CDCR, however, noted that their records reflected a remaining indeterminate sentence for Count 4 in case number BA009423. (Id.) At the Hearing, Petitioner produced a certified copy of the transcript of the sentencing hearing from that case number, which did not reflect the imposition of a sentence for Count 4. (Id.)

On March 10, 2008, the CDCR held a second Hearing and requested a copy of the Abstract of Judgment and the sentencing hearing transcript in case number BA009423 from Petitioner. (Doc. No. 3 at 8.) There is no evidence that Petitioner had the Abstract of Judgment in his possession,

though he apparently did have a copy of the transcript of his sentencing hearing. (See id. at 7-8.) In the meantime, because they allegedly did not have a copy of the sentence imposed in Count 4, the CDCR calculated Petitioner's sentence for that count by "writing-in" a term of 7-years-to-life. (Id. at 8.) Based thereon, it was determined that Petitioner would be eligible for parole on July 2, 2012. (Doc. No. 3 at 25.)

On April 22, 2008, the CDCR sent a letter to the Los Angeles Superior Court's Clerk of Court requesting a certified copy of the Abstract of Judgment in case number BA009423 and a transcript of the proceedings at the time of sentencing. (Doc. No. 3 at 14.)

**C.    Petitioner's State Habeas Petitions**

On May 16, 2008[1], Petitioner filed a petition for habeas relief in the Imperial County Superior Court wherein he asserted the sentence calculated by the CDCR differs from the sentence he received during the sentencing hearing. (Doc. No. 41, Lodgment 1; Doc. No. 3 at 3.) Petitioner argued that a sentence for Count 4 was neither mentioned in "the oral pronouncement of judgment"[2] nor imposed at the sentencing hearing. (Doc. No. 3 at 7.) On July 24, 2008, Petitioner's habeas petition was denied on the ground that the Imperial County Superior Court was not the sentencing court and no documentation was supplied by Petitioner in support of his petition. (Doc. No. 41, Lodgment 2.)

On June 24, 2008, prior to receiving a decision regarding his Superior Court habeas petition, Petitioner filed a habeas petition in the California Court of Appeal, Second Appellate District, Division 2. (Doc. No. 41, Lodgment 3; Doc. No. 3 at 4.) On July 23, 2008, the appellate court denied that petition without comment. (See Doc. No. 41, Lodgment 4.)

On July 28, 2008, Petitioner filed with the California Supreme Court. (Doc. No . 41, Lodgment 5.) On October 16, 2008, the California Supreme Court also denied Petitioner's state habeas petition without comment. (Doc. No. 41, Lodgment 6.)

---

[1] Petitioner filed numerous habeas petitions in state and federal court during this period, and, thus, some of the dates of his filings overlap with each other.

[2] The Court construes the "oral pronouncement of judgment" as the verdict of the jury.

**D.     Petitioner's Federal Habeas Petition**

On June 26, 2008, prior to receiving a final determination in his state habeas petition, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. No. 1.) On August 5, 2008, upon Court Order, Petitioner filed a First Amended Petition, challenging the computation of his sentence and his continued detainment in Calipatria State Prison. (Doc. No. 3.) Specifically, Petitioner claims: (1) the trial court failed to impose a sentence for Count 4 at the sentencing hearing and, thus, Petitioner's continued detainment for this Count violates the United States Constitution; (2) the CDCR violated his due process rights in calculating his remaining sentence for Count 4; and (3) Petitioner was denied a trial prior to the CDCR's purported extension of Petitioner's sentence based on Count 4.  (Id. at 7-9.)

On February 2, 2009, Respondent filed a Motion to Dismiss ("MTD"). (Doc. No. 29.) Respondent argued the First Amended Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, statute of limitations because Petitioner learned of the factual predicate of this claim on July 24, 1990 when he was sentenced and, thus, was required to file his claim for relief by April 24, 1997.  (Id. at 2.)  Alternatively, Respondent asserts the petition fails to set forth a cognizable federal claim.  (Id. at 2-3.)  In his Opposition, Petitioner asserted the factual predicate of his claim occurred on December 13, 2007 during the CDCR Hearing and, thus, under AEDPA, his First Amended Petition is timely.  (Doc. No. 34 at 3; See 28 U.S.C. § 2244(d)(1)(D)).  In support of his claim, Petitioner argued that prior to the Hearing held by the CDCR, his sentence was not calculated.  (Doc. No. 34 at 3.)  Petitioner also contended his detainment beyond the sentence announced in the Sentencing Hearing presents a federally cognizable claim under 28 U.S.C. § 2254(a).  (Id.)  On September 15, 2009, the Honorable Larry A. Burns adopted this Court's Report and Recommendation Order and denied without prejudice Respondent's Motion to Dismiss.  (Doc. No. 48.)  The Court now addresses the merits of Petitioner's First Amended Petition.

//

//

## III. STANDARD OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). As amended, the AEDPA now reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the application of the claim–
>
> (1) resulted in a decision that was <u>contrary to</u>, or involved an <u>unreasonable application</u> of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (emphasis added).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 403 (2000). With regard to § 2254(d)(1), the threshold question is whether the rule of law was clearly established at the time petitioner's state court conviction became final. <u>Id</u>. at 406. Clearly established federal law, as determined by the Supreme Court of the United States "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." <u>Id</u>. at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003). However, Ninth Circuit case law may be "persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established.'" <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600 (9th Cir. 2000).

A state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless

arrives at a result different from our precedent." Williams, 529 U.S. at 405-06. "A state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. Under Williams, an application of federal law is unreasonable only if it is "objectively unreasonable." Id. at 409.

Where a state court reaches the merits of a claim but does not provide the rationale for its determination, federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002); Greene v. Lambert, 288 F.3d 1080, 1089 (9th Cir. 2002) ("[W]hile we are not required to defer to a state court's decision when that court gives us nothing to defer to, we must still focus primarily on Supreme Court cases in deciding whether the state court's resolution of the case constituted an unreasonable application of clearly established federal law") (quoting Fisher v. Roe, 263 F.3d 906, 914 (9th Cir. 2001)). Silent denials of state appellate and supreme courts are considered to be decisions on the merits of a claim. Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992).

## IV. DISCUSSION

Petitioner's First Amended Petition raises three grounds for relief: (1) the trial court failed to impose a sentence for Count 4 at the sentencing hearing and, thus, Petitioner's continued detainment for this Count violates the United States Constitution; (2) the CDCR violated his due process rights in calculating his remaining sentence for Count 4; and (3) Petitioner was denied a trial prior to the CDCR's purported extension of Petitioner's sentence based on Count 4. (Doc. No. 3 at 7-9.) Respondent argues Petitioner fails to present a cognizable federal constitutional claim.[3] (Doc. No. 68.)

---

[3] Respondent preserves its argument that Petitioner's claims are barred by the applicable statute of limitations, but urges this Court to address the merits of the First Amended Petition. (Doc. No. 68 at 6 n.2.)

### A. Ground One: Trial Court's Failure to Impose a Sentence for Count 4

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Habeas relief is not available for an alleged error in the interpretation or application of state law. Id. at 67; Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir.1989) ("errors of state law do not concern us unless they rise to the level of a constitutional violation"). Further, relief "is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985)

Petitioner first contends that he has been unlawfully detained on Count 4 because the sentencing court never imposed a sentence for this count. (Doc. No. 3 at 6.) According to Petitioner, "absolutely no sentence exists with regard to Count Four." (Doc. No. 69 at 5.) Petitioner's claim stems from an apparent misstatement by the sentencing judge during his July 24, 1990 sentencing hearing. At trial, Petitioner was charged with a total of six counts. (Doc. No. 41, Lodgment 1, vol. 1 at 96-102.) The sentencing judge first imposed a sentence for Count 3, the principal term. (Doc. No. 41, Lodgment 2, vol. 9 at 2231.) The judge then imposed sentences for Counts 1, 2, 5 and 6. (Id. at 2233-34.) Finally, when imposing a sentence for Count 4, the only remaining count, the judge mistakenly referred to that count as Count 3. (Id. at 2235.) The judge stated:

> With respect to Count III, you are sentenced to life imprisonment with the possibility of parole, to serve your sentence to an additional 2 years pursuant to the use allegation, 12022.5, for a total indeterminate sentence of life imprisonment with the possibility of parole, and 2 years consecutive to that.

(Id. at 2235-36.)

"Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th

Cir. 1994); see also Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (holding the decision to impose sentences concurrently or consecutively is a matter of state law); Hendricks v. Zenon, 993 F.3d 664, 674 (9th Cir. 1993) (holding merger of convictions for sentencing is a matter of state law). Petitioner has not cited any federal constitutional law holding that a misstatement in the sentencing hearing renders an otherwise valid sentence void. Rather, it is well settled that "[s]entencing is not a game in which a wrong move by the judge means immunity for the prisoner." McDowell v. Swope, 183 F.2d 856, 859 (9th Cir. 1950) (quotations omitted). Petitioner's argument that the trial court never sentenced him to Count 4 relates exclusively to an alleged error in the application of state law. Therefore, the Court finds that Petitioner has failed to raise a federal cognizable claim necessary to justify federal habeas relief.

Furthermore, Petitioner fails to demonstrate that the sentencing court's error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992). Petitioner does not raise, nor does the Court find, any indication that the parties were misled by the court's misstatement. As previously noted, the trial court had already imposed a sentence for Count 3, but erroneously referred to Count 4 as Count 3. (Doc. No. 41, Lodgment 2, vol. 9 at 2231-36.) A life sentence plus two years was correctly recorded for Count 4 on both the Minute Order and the Judgment. (Doc. No. 41, Lodgement 1, vol. 2 at 431, 433.) On direct appeal, Petitioner even cited the hearing transcript with regards to the sentence imposed for Count 4 without raising any issue as to the court's misstatement. (Doc. No. 41, Lodgment 3 at 26-28.) Thus, the Court finds that Petitioner's sentence was not so arbitrary or capricious as to give rise to a cognizable federal claim. Accordingly, the Court hereby recommends that Petitioner's First Amended Petitioner be DENIED as to this ground.

**B.     Ground Two: Due Process**

Second, Petitioner argues that the CDCR violated his due process rights by miscalculating his good-time credits and imposing a sentence for Count 4.[4] (Doc. No. 3 at 7.) Specifically, Petitioner argues that the CDCR did not have the Abstract of Judgment in their possession at the

---

[4] Petitioner mentions the Eighth Amendment in his Petition, but emphasizes a due process argument. (Doc. No. 3 at 7-8.) Therefore, the Court shall construe his second ground for relief as a due process claim.

1 time of his Hearing and, therefore, impermissibly relied upon it to determine his remaining
2 sentence. (Id.) Respondent does not address Petitioner's due process claim in its Answer. (See
3 Doc. No. 68.)

4 Federal courts "examine procedural due process questions in two steps: the first asks
5 whether there exists a liberty or property interest which has been interfered with by the State; the
6 second examines whether the procedures attendant upon that deprivation were constitutionally
7 sufficient." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (citations
8 omitted). In his Traverse, Petitioner relies on Haygood v. Younger, 769 F.2d 1350, 1355 (9th Cir.
9 1985) (en banc), to argue he has a constitutionally protected liberty interest in the accurate
10 computation of his sentence for Count 4. (Doc. 69 at 3.) Though the Fourteenth Amendment does
11 not guarantee state prisoners "a particular method of calculating prison sentences," a prisoner may
12 have a claim for denial of due process if prison officials miscalculated the term of his sentence.
13 Haygood, 769 F.2d at 1355 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)).

14 Unlike the plaintiff in Haygood, Petitioner does not argue that prison officials failed to
15 follow the minimum due process necessary to protect his liberty interest. Rather, Petitioner seems
16 to argue that prison officials overstepped their authority by using the Abstract of Judgment to
17 impose a sentence for Count 4. (Doc. No. 3 at 7.) Petitioner's argument rests on the premise that
18 he was "sentenced" to Count 4 in the first instance by prison officials. Petitioner apparently
19 assumes the sentencing judge's imposition of a sentence for Count 4 was invalid, but fails to cite
20 any law holding that a misstatement in the sentencing hearing renders an otherwise valid sentence
21 void. Based thereon, the Court finds that prison officials did nothing more than determine
22 Petitioner's release date. See Guzman v. Morris, 664 F.2d 1295, 1299 (9th Cir. 1981) (holding
23 prison administrative board did not violate petitioner's due process rights by determining release
24 date). Accordingly, the Court finds that the state court's decision on this ground is not contrary to
25 clearly established federal law and hereby recommends that Petitioner's First Amended Petitioner
26 be DENIED as to this ground.

27 //
28 //

**C.     Ground Three: Right to Trial**

Petitioner argues that he was denied his "right to trial before prison officials sentenced [him]." (Doc. No. 3 at 8.) Petitioner does not provide the basis for this claim, nor does Respondent address it in its Answer. (Id.; see Doc. No. 68.) The Court cannot ascertain the nature of Petitioner's third ground for relief, thus it will address Petitioner's possible arguments in turn.[5]

Because Petitioner references the Sixth Amendment in his petition, he may be asserting his right to a jury trial. The Sixth Amendment right to a jury trial "require[s] criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 510 (1995) (citing Sullivan v. Louisiana, 508 U.S. 275, 277-278 (1993)). Petitioner's Sixth Amendment argument appears to be without merit. If Petitioner is referring to his right to a criminal jury trial, the Court notes that he received a jury trial in this case. (Doc. No. 41, Lodgments 1-2.) At the conclusion of Petitioner's trial in Los Angeles Superior Court, a jury convicted him of four counts of second degree robbery and two counts of attempted murder. (Doc. No. 40, Lodgment 4.) Petitioner does not raise, nor does the Court find, any evidence in the record that the jury trial was inadequate. On the other hand, Petitioner may be referring to a right to a jury trial during the time computation hearing process. However, the Sixth Amendment right to a jury trial does not extend to time computation hearings. See Lewis v. United States, 518 U.S. 322, 325 (1996) ("It is well established that the Sixth Amendment, like the common law, reserves th[e] jury trial right for prosecutions of serious offenses") (citing Duncan v. Louisiana, 391 U.S. 145, 159 (1968)). Therefore, the Court finds that the state court's decision on this ground was not contrary to clearly established federal law.

Alternatively, Petitioner may be arguing that his Hearing lacked adequate procedural due process protections. As previously discussed, federal courts "examine procedural due process

---

[5] In his Traverse, Petitioner also makes reference to his "PC 1381 Right to Trial." California's speedy trial statute provides that a criminal defendant shall be sentenced within 90 days of a conviction. See Cal. Penal Code § 1381. Generally, a "traverse is not the proper pleading to raise additional grounds for relief." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). Even so, Petitioner's argument seems to relate exclusively to the misapplication of state law. Therefore, habeas relief is not available on this ground. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

1    questions in two steps: the first asks whether there exists a liberty or property interest which has
2    been interfered with by the State; the second examines whether the procedures attendant upon that
3    deprivation were constitutionally sufficient." Kentucky Dep't of Corrections, 490 U.S. at 460.
4    Assuming Petitioner has a constitutionally protected liberty interest in a time computation hearing,
5    the "Court is not aware of any cases which define the scope of the process that is due to Petitioner
6    under these circumstances." Robles v. Cate, 2009 WL 1155653, at *3 (E.D. Cal. Apr. 29, 2009).
7    Nonetheless, it is apparent that Petitioner's due process rights were not violated in this case. Here,
8    the CDCR held not one, but two, hearings where Petitioner had the opportunity to present his case.
9    (Doc. No. 3 at 7-8.) At both hearings, prison officials conducted a review of Petitioner's Central
10   File. (Doc. No. 40, Lodgment 6 at 18, 28.)[6] According to his Petition, Petitioner also had the
11   opportunity to present evidence on his behalf on both occasions. (Doc. No. 3 at 7-8.) Furthermore,
12   Petitioner filed an appeal on March 26, 2008 regarding the result of these hearings. (Doc. No. 40,
13   Lodgment 6 at 2.) Accordingly, the Court finds that the state court's decision on this ground is not
14   contrary to clearly established federal law. Thus, the Court hereby recommends that Petitioner's
15   First Amended Petitioner be DENIED as to the third ground for relief.

16   **D.    Motion for Appointment of Counsel**

17   On November 10, 2010, Petitioner filed a "Request for the Appointment of Counsel." (Doc.
18   No. 77.) Because Petitioner filed the motion while the Court was reviewing the merits of his First
19   Amended Petition, the Court will address it at this time. Generally, "there is no absolute right to
20   counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360,
21   1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make
22   coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310
23   (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).
24   Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request"
25   that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See
26   Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819,
27
28   [6] Because Lodgment 6 is not consecutively paginated, the Court has determined page numbers by counting pages through the document.

823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Petitioner requests the appointment of counsel because he cannot afford to hire an attorney. (Doc. No. 77 at 1.) Petitioner, however, has sufficiently represented himself to date. The First Amended Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an answer or other responsive pleading to the First Amended Petition. (Doc. No. 19.) Moreover, Petitioner filed a Traverse in response to Respondent's Answer, which cited supporting facts and case law. Because further briefing is not required of Petitioner, his claim that he needs counsel is without merit. At this stage of the proceedings, the Court finds the interests of justice do not require the appointment of counsel. Based thereon, the Court hereby **DENIES** Petitioner's motion for the appointment of counsel.

## IV. CONCLUSION

After thorough review of the record in this matter and based on the foregoing analysis, this Court recommends that the First Amended Petition for Writ of Habeas Corpus be **DENIED**. This Proposed Findings of Fact and Recommendation for Disposition of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, the Honorable Larry A. Burns, pursuant to the provision of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than January 3, 2011**, any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no later than ten days after being served with the objections. The parties are advised that failure to file

//

//

//

objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: December 8, 2010

_____
LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Larry A. Burns
    All parties