# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N. WALLACE,<br><br>    vs.                          Petitioner,<br><br>LARRY SMALL, Warden,<br><br>                              Respondent. | CASE NO. 08cv1146-LAB (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Petitioner Nathaniel Wallace, a state prisoner proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 5, 2008. The Court referred the petition to Magistrate Judge Louisa Porter for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1(d). After the petition was briefed on the merits, Judge Porter issued an R&R recommending that the Court deny it. The R&R ordered the parties to file any objections by January 3, 2011. Neither party filed objections, nor asked for additional time to do so.

In considering an R&R, a district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). "[T]he court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[T]he

district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.2003) (en banc).

The Court has reviewed the R&R and finds it to be thorough and correct, particularly considering that Wallace failed to file any objections. The basis of Wallace's petition is that he was never sentenced to life imprisonment for attempted murder because the trial judge never actually *pronounced* a sentence on the proper count. The record and the R&R make abundantly clear, though, that the trial judge simply misspoke: after pronouncing a sentence for counts 1, 2, 3, 5, and 6, he said, "With respect to Count III, you are sentenced to life imprisonment." (R&R at 7.) He obviously meant to say "Count IV." In light of this, all of Wallace's habeas claims fail: (1) the trial court *did* impose a sentence of life imprisonment for the second attempted murder count; (2) the CDCR didn't sentence him as much as it determined his release date on the basis of his Abstract of Judgment; and (3) Wallace *did* receive the trial to which he has a constitutional right.

The Court **ADOPTS** the R&R. The petition is **DENIED** with prejudice. Wallace's request for counsel is **DENIED**; that right only attaches in the habeas context when "appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Finally, the Court **DENIES** Wallace a certificate of appealability. The merits of his claims are not "debatable among jurists of reason" and do not "deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotations and citations omitted).

**IT IS SO ORDERED**.

DATED: February 15, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge